# In the United States Court of Federal Claims

No. 19-1725C

(Filed: February 5, 2020)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **JEFFREY SANDERS,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) ) |

Jeffrey Sanders, *pro se*, Oak Park, Michigan.

Lauren Springer Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and L. Misha Preheim, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Pending before the court is the United States' ("the government's") motion to dismiss the complaint filed by plaintiff, Jeffrey Sanders, pursuant to Rule 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), *see* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 11, and plaintiff's motion for summary judgment, *see* Mot. for Summ. Judgment ("Pl.'s Mot."), ECF No. 10. Because Mr. Sanders has failed to establish this court's subject-matter jurisdiction by a preponderance of the evidence and because he has failed to state a claim for which relief can be granted, the government's motion to dismiss Mr. Sanders' complaint is GRANTED. Mr. Sanders' motion for summary judgment is accordingly DENIED.

## BACKGROUND

Mr. Sanders filed his amended complaint in this court on November 20, 2019. *See* Am. Compl., ECF No. 6 ("Compl."). The instant litigation does not represent the first time Mr. Sanders has brought an action in this court. *See Sanders v. United States*, No. 18-cv-00979, 2018 WL 6190375 (Fed. Cl. Nov. 28, 2018), *appeal dismissed*, 779 Fed. Appx. 737 (Fed. Cir. 2019). Here, as before, "[t]he basis for Mr. Sanders' complaint is not readily apparent." *Id.* at *1. The pending complaint employs the same cryptic and indecipherable messaging system used previously, combining uniquely formatted word sequences that express no coherent meaning and, other than repeated alliteration and a semblance of alphabetical ordering, appear unrelated to one another. *See, e.g.*, Compl. at 3 ("Citing clarifying Clerical Judicial coll(ateral)ectivist concerns con(current)duct conniving connoting conspiring constitu(ents)tional construing consummation.") (formatting removed). Mr. Sanders appears to request relief in the form of a "prudential writ of mandamus," a "decisive declaratory judg[]ment award," and a "reward of $23,880,000." Compl. at 4 (formatting removed).

Mr. Sanders' prior complaint in this court apparently related to civil rights litigation he initiated in the District Court for the Eastern District of Michigan. *See Sanders*, 2018 WL 6190375, at *1-2. The present complaint appears to stem, given the inclusion of bankruptcy court filings in the appendix attached to the complaint, from claims Mr. Sanders filed in late 2013 against the city of Detroit in connection with its bankruptcy proceedings in the Bankruptcy Court for the Eastern District of Michigan. *See* Compl. App. 1 at 2-4. His claim against Detroit in that court amounted to $7,960,000 for an unspecified debt. *See* Compl. App. 1 at 2. In a blank on the bankruptcy court claim form asking the basis for the claim, the only response listed by Mr. Sanders was a reference to the Fourth Amendment to the United States Constitution and several federal code provisions, including 42 U.S.C. § 1983, which is a civil rights statute authorizing civil suits against state officials and the statute that served as the asserted basis for earlier suits by Mr. Sanders' in the Eastern District of Michigan. *See* Compl. App. 1 at 2; *Sanders*, 2018 WL 6190375 at *2 (citing, *e.g.*, *Sanders v. Detroit Police Dep't*, Nos. 17-1116/1202, 2017 WL 7833754 (6th Cir. Nov. 22, 2017); *Sanders v. Detroit Police Dep't*, No. 07-14206, 2018 WL 3997866 (E.D. Mich. Aug. 21, 2018)). As noted in this court's prior opinion, those claims were repeatedly rejected by the district court and the Court of Appeals for the Sixth Circuit. *Sanders*, 2018 WL 6190375, at *2. Mr. Sanders' claim in the bankruptcy court, which is apparently the basis for his claim in this court, may have stemmed directly from that same litigation. *See* Compl. App. 1 at 5.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d

1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Mr. Sanders, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

The Rules of the Court of Federal Claims require that a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction." *Ruther v. United States*, No. 18-1110C, 2018 WL 5095451, at *3 (Fed. Cl. Oct. 17, 2018) (citing RCFC 8(a)), *aff'd*, No. 2019-1230 (Fed. Cir. May 1, 2019) (per curiam). Even construing his complaint liberally, Mr. Sanders provides no such statement. The jurisdictional section of the complaint refers to Article III of the United States Constitution and contains a string of citations to provisions of the United States Code, including 28 U.S.C. § 1491(a) (the Tucker Act). Compl. at 2. But a mere recitation of statutory provisions—particularly when the factual premise of the claim is so opaque as to preclude even the drawing of inferences about the ostensible jurisdictional basis—is insufficient to establish jurisdiction. *See Sanders*, 2018 WL 6190375, at *3 ("Listing federal statutes is not enough to confer jurisdiction on this court."). Mr. Sanders' complaint is unavailing on this basis.

Furthermore, to the extent that Mr. Sanders' complaint provides decipherable information as to the basis for his claims, they appear directed against a local municipality, the City of Detroit or its officers. This court, however, may only hear claims against the United States, and Mr. Sanders does not appear to allege any claims against the United States. *See Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) ("This court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

itself.") (citations omitted). The court is unable to identify in Mr. Sanders' complaint any intimation of claims directed against the United States.

This claim appears to be yet another iteration of Mr. Sanders' "futile struggle" to "re-litigate[] [the] same event numerous times in the federal courts." *Sanders* 2018 WL 6190375, at *4. As noted in the court's prior opinion, "this court is not the proper venue for Mr. Sanders to continue to seek relief after being denied redress in the District Court for the Eastern District of Michigan and the Sixth Circuit." *Id.*

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED, and plaintiff's motion for summary judgment is DENIED. Mr. Sanders' complaint shall be DISMISSED without prejudice for lack of subject-matter jurisdiction. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge